# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KESHA FAIRLEE**                                                                           **PLAINTIFF**

**NO. 3:17CV00256-JMV**

**NANCY BERRYHILL,**
**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. First, the ALJ failed to properly consider the claimant's right shoulder impairment. Specifically, the ALJ failed to consider the claimant's right shoulder impairment at step two of the sequential evaluation process despite evidence in the

record of consistent complaints of pain, objective medical findings of functional limitations, and medical treatment in the form of shoulder injections. Second, the ALJ failed to fairly develop the record with regard to the claimant's physical impairments before formulating the claimant's physical RFC. The ALJ concluded the claimant had a light RFC (which requires, among other things, the ability to perform at least six hours of standing and walking on an ongoing and continuous basis) despite evidence of back-to-back foot surgeries; the claimant's inability for full weightbearing for at least a year; and consistent complaints of diffuse pain in both lower extremities. Indeed, the ALJ's physical RFC finding appears to be inconsistent with his having found that the claimant's obesity "exacerbate[d] the pain and other symptoms she experience[d]." Ultimately, the court is of the opinion that without the aid of a function-by-function assessment of a physician, the ALJ was without sufficient information to properly assess the claimant's RFC in a case like this where the claimant suffered from multiple conditions that elicited severe diffuse pain including, but not limited to, bilateral shoulder impingement, fibromyalgia, and neuritis and peripheral polyneuropathy of the feet.[1]

On remand, the ALJ must reconsider the claimant's physical RFC. The ALJ must *either* obtain a physical medical source statement(s) from the claimant's treating physician(s) that includes a function-by-function assessment of physical RFC *or* obtain the assistance of a medical consultant who will review the entirety of the medical evidence and render a

---

[1] The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure that his decision is an informed decision based on sufficient facts. *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). *See also Myers v. Apfel*, 238 F.3d 617, 620-21 (5th Cir. 2001) (stating the ALJ's RFC determination must be based on a function-by-function assessment of the claimant's ability to perform sustained work activities).

function-by-function assessment of physical RFC. Ultimately, after considering all of the evidence in the record, the ALJ must make a new RFC determination that is supported by substantial evidence. If necessary, the ALJ must provide an explanation, supported by substantial evidence in the record, for rejecting any medical opinion. And, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering all of her limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 29th day of November, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE